## Martin, et al. v. Price's Admr., et al.

(Decided November 28, 1919.)

### Appeal from Lincoln Circuit Court.

Specific Performance—Character of Estate.—In the granting clause of a deed the land is conveyed to G in consideration of a debt of gratitude. In a later clause it is stated that the land is conveyed to G "to be legally hers and her descendants," and by another clause G is empowered to sell the land and reinvest the proceeds for the benefit of "herself, her children, or her husband." Defendants in an action to enforce specific performance of a contract to purchase the land set up that G, who was plaintiff's remote grantor, had but a life estate. Held, that it is immaterial to defendants whether G had a fee simple or life estate, since her life estate, if such it was, was coupled with a power of sale, and under the deed tendered by plaintiff the defendants would get a fee simple title.

K. S. ALCORN for appellants.

JOSEPH BRIGGS PAXTON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The only question on this appeal from a judgment enforcing against appellants specific performance of a writ-

ten contract to purchase of appellees a tract of land, is whether one of appellees' remote grantors, Mrs. Fannie Graham, owned the fee simple title to the land which she had attempted to convey. Whatever title she had was derived from the following deed:

"In consideration of debt of gratitude due · Mrs. Fannie Graham, wife of my son, Montrose Graham, I hereby deed to her the following tract of land on which she now lives in Lincoln county, Kentucky, about a half mile from Crab Orchard and bounded by the Lancaster and Stanford turnpike, the survey being as follows: . . .

"The land here described the survey of which is laid down I bought of Dr. Welch and hereby deed said ground to Mrs. Fannie Graham to be legally her's and her descendants together with all, the stock, farming utensils and household furniture that no claim against myself or debt of her husband can deprive her of any increase of stock or animal production shall be held sacredly as hers and be exempt from any debt contracted by her husband.

"Should she at any time see proper to sell the place and invest the proceeds for the benefit of herself her children or husband, Montrose, who is so broken down in health as to be of but little service in supporting a family. She is entitled to what has been here granted for reforming my son from his prodigal habits and in being to him a faithful wife and a loving mother to their children.

"There is this exception only to this deed that should my son, Joseph B. Graham, see proper to build a sanatorium he will be entitled to the east half of the yard including the big oak tree on the Lancaster pike with the full privilege of and free access to and from all fresh water and medical springs on the said place.

"To all of which free grants I hereto subscribe my hand and seal October 10th, 1882.

"CHRISTOPHER COLUMBUS GRAHAM (Seal)."

It is conceded that the privilege given to Joseph B. Graham of building a sanitorium on a portion of the land was never exercised and that he afterwards conveyed all right he had in the land to appellees' remote grantor. Hence this provision of the deed is now immaterial, unless as contended by appellees it is evidence of grantor's purpose and intention to convey the entire fee to Mrs.

Fannie Graham with "this exception only." We do not, however, see any such evidence in this provision of the deed, since it was equally a limitation upon the fee whether conferred upon Mrs. Fannie Graham or her descendants, and it may be dismissed from further consideration.

It will be noticed that in the granting clause there is no mention of Mrs. Graham's descendants, and she alone is named as grantee. Moreover, in this clause the consideration for making the deed is stated to be grantor's debt of gratitude to her, and it is further stated in a subsequent clause that she is entitled to what has been granted for reforming the grantor's son from his prodigal habits and in being to him a faithful wife and a loving mother to their children. However, the grantor states in what doubtless should be considered the habendum clause, "I hereby deed said ground to Mrs. Fannie Graham to be legally hers and her descendants." Appellants contend the word "descendants" is here used as a word of purchase and that therefore, under a well known rule of construction, Mrs. Graham took only a life estate in the land.

Considering these several clauses together we would feel sure that the word "descendants" was used in the sense of "heirs" and as a word of limitation and not of purchase, if it were not for the fact that in another clause the grantor plainly attempted to confer upon his daughter-in-law the power to sell the place and reinvest the proceeds, which to say the least is somewhat inconsistent with the idea that the grantor thought he had vested in his daughter-in-law the fee, or that he intended to do so. This clause is obviously incomplete, but if sufficient importance is to be attached to it to destroy the otherwise established fee in the daughter-in-law, its purpose and effect must be interpreted to confer upon her the power to sell the place and reinvest the proceeds, for unless so construed it is entirely meaningless and wholly ineffective to destroy the fee in his daughter-in-law, or for any purpose whatever; and if so construed, the daughter-in-law was given not only a life estate in the land, and in addition thereto, the power was conferred upon her "should she at any time see proper, to sell the place and invest the proceeds for the benefit of *herself,* her children or her husband."

It is therefore immaterial to the appellants whether Mrs. Graham took under the above deed a fee simple title or only a life estate coupled with a power of sale, since in either event they get a fee simple title to the land under the deed tendered them by appellees.

Wherefore the judgment is affirmed.